1
2
3
4
5
6
7
8
9
10
11
12

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

BRICK P. HOUSTON,

      Plaintiff(s),

v.

MENDOZA, et al.,

      Defendant(s).

Case No. 2:20-cv-00650-RFB-NJK

**REPORT AND RECOMMENDATION**

13        Pending before the Court is an order for Plaintiff to show cause why this case should not
14 be dismissed. Docket No. 40. The deadline for Plaintiff to respond was December 28, 2021.
15 Docket No. 41. No response has been filed. For the reasons discussed more fully below, the
16 undersigned **RECOMMENDS** that this case be **DISMISSED**.

17 **I.**      **BACKGROUND**

18        This is a prisoner civil rights case in which Plaintiff brings causes of action related to his
19 incarceration. *See* Docket No. 9 (screening order). Having since been released from custody, on
20 July 14, 2021, Plaintiff filed a notice of changed address. Docket No. 26. Plaintiff appears to have
21 thereafter lost interest in prosecuting this case. According to the unrebutted representations of
22 Defendants, Plaintiff did not respond to their written discovery requests and failed to appear for
23 his deposition. *See, e.g.*, Docket No. 35-8 at ¶¶ 4, 10.

24        On September 22, 2021, Defendants filed a motion to compel and for monetary sanctions.
25 Docket No. 35. Plaintiff did not respond. On October 27, 2021, the Court ordered Plaintiff to
26 respond to the motion by November 5, 2021. Docket No. 37. Plaintiff did not respond. On
27 December 9, 2021, the Court ordered Plaintiff to show cause why the case should not be dismissed
28 by December 28, 2021. Docket No. 40; *see also* Docket No. 41 (*sua sponte* extending response

deadline to account for holiday Court closure). The Court warned in the order to show cause that "**FAILURE TO RESPOND TO THIS ORDER TO SHOW CAUSE MAY RESULT IN A RECOMMENDATION THAT THE CASE BE DISMISSED**." Docket No. 40 at 2 (emphasis in original). Plaintiff did not respond.

Hence, the record establishes that Plaintiff failed to respond to written discovery, failed to appear for his deposition, and failed to obey two Court orders.

## II.    STANDARDS

### A.    Failure to Attend Deposition

A party may seek the deposition of its opponent by serving written notice. Fed. R. Civ. P. 30(b)(1). Courts may impose sanctions for a party's failure to appear at that deposition. Fed. R. Civ. P. 37(d)(1)(A)(i).[1] Courts have broad discretion in fashioning an appropriate sanction for failing to appear at a deposition. *Lew v. Kona Hosp.*, 754 F.2d 1420, 1425-26 (9th Cir. 1985). The range of sanctions include those authorized by Rule 37(b)(2)(A)(i)-(vi), such as entry of case-dispositive sanctions. Fed. R. Civ. P. 37(d)(3).

### B.    Failure to Comply with Court Order

Orders are not suggestions or recommendations, they are directives with which compliance is mandatory. *Chapman v. Pacific Tel. & Tel. Co.*, 613 F.2d 193, 197 (9th Cir. 1979). There are several sources of legal authority by which federal courts enforce their orders. Most pertinent here, Rule 16(f) of the Federal Rules of Civil Procedure provides for sanctions for failing to obey a "pretrial order." Fed. R. Civ. P. 16(f)(1)(C). Rule 16(f) is "broadly remedial and its purpose is to encourage forceful judicial management." *Sherman v. United States*, 801 F.2d 1133, 1135 (9th Cir. 1986) (*per curiam*). Courts have broad discretion in fashioning an appropriate sanction for violating pretrial orders. *Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1397 (9th Cir. 1993). The range of sanctions include those authorized by Rule 37(b)(2)(A)(ii)-(vii), such as entry of case-dispositive sanctions. Fed. R. Civ. P. 16(f)(1).

---

[1] A meet-and-confer is not required for sanctions to be imposed for failing to appear at a deposition. *Nationstar Mortg., LLC v. Flamingo Trails No. 7 Landscape Maintenance Ass'n*, 316 F.R.D. 327, 335-36 (D. Nev. 2016).

C.    Additional Factors

Mindful that dismissal is a harsh penalty, courts consider five factors in determining whether to impose case-dispositive sanctions: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 948 (9th Cir. 1993).

**III.    ANALYSIS**

In light of the circumstances presented, the undersigned concludes that dismissal is warranted. The record is unrebutted that, following his release from custody, Plaintiff abandoned this case. He did not respond to written discovery. He did not appear for his deposition. He did not comply with an order to respond to a motion to compel and for sanctions. He did not comply with an order to show cause why the case should not be dismissed despite an explicit warning that dismissal may be ordered based on that failure.

Plaintiff's course of conduct constitutes an abusive litigation practice that has interfered with the Court's ability to hear this case, delayed litigation,[2] disrupted the Court's timely management of its docket, wasted judicial resources, and threatened the integrity of the Court's orders and the orderly administration of justice. Sanctions less drastic than dismissal are unavailable because Plaintiff has refused to comply with the orders of this Court notwithstanding a warning that case-dispositive sanctions may be imposed. These circumstances warrant dismissal.

**IV.    CONCLUSION**

For the reasons discussed more fully above, the undersigned **RECOMMENDS** that this case be **DISMISSED**.

Dated: January 11, 2022

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] This unreasonable delay creates a risk of prejudice to the defense. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976) ("The law presumes injury from unreasonable delay").

## <u>NOTICE</u>

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1).   A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).